**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALLEN CLAYTON,<br><br>          Plaintiff,<br><br>    v.<br><br>K. HARRINGTON, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:10-cv-00376-SKO PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE, OR TO FILE AMENDED COMPLAINT<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

      Plaintiff Gregory Allen Clayton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Fourteenth Amendment. Plaintiff names K. Harrington (warden, KVSP), Correctional Officer Thomas, and Correctional Sergeant Gomez as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint states some cognizable claims. The Court will order Plaintiff to either notify the Court that he wishes to proceed only on the cognizable claims, or file an amended complaint that cures the deficiencies in his non-cognizable claims.

**I.    Screening Requirement**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7  In determining whether a complaint fails to state a claim, the Court uses the same pleading
8  standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must
9  contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.
10 R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual
11 allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me
12 accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.
13 Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,
14 accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550
15 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's
16 liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id.
17 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual
18 allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.
19 Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
20 statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

21 **II.    Background**

22 Plaintiff claims that Defendants violated his constitutional right by discriminating against him
23 based on his sexual orientation.  Plaintiff alleges that he and a group of inmates were escorted from
24 the "Facility 'A' Gym" to "Facility 'M'" for a housing transfer.  At Facility M, the inmates were
25 greeted by Defendant Thomas, who told the group that "as long as you are not a shit starter or
26 'HOMOSEXUAL' you will program well on my yard."  Compl. 6:7-16, ECF No. 1 (original
27 emphasis).
28 ///

2

Sometime after Plaintiff moved into his new housing unit, Defendant Thomas stormed into the building and yelled at Plaintiff, "DIDNT[sic] YOU HEAR MY SPEECH PRIOR TO COMING OVER HERE.  HOMOSEXUALS ARE NOT WELCOMED AND YOUR[sic] ALREADY STARTING SHIT. GET YOUR PROPERTY!!!" Compl. 7:7-14, ECF No. 1 (original emphasis). Plaintiff was escorted to the office and placed in a cage.  Defendant Gomez then told Plaintiff that "the blacks dont[sic] want you over here because of your sexual orientation." Compl. 8:6-9, ECF No. 1. Gomez further told Plaintiff that "we dont[sic] have homosexuals on my yard. Anyway your life-style would be better dealt with on Facility 'A' yard's gym." Compl. 8:9-11, ECF No. 1. Plaintiff claims that Gomez lied because Plaintiff is an African American homosexual and the African American inmates "welcomes black homosexuals to intermix with main population without hurtful consequences." Compl. 8:19-9:1, ECF No. 1.  Plaintiff was then transferred back to the Facility A Gym despite Plaintiff's requests to be treated the same as the other inmates in the facility.

**III.     Discussion**

Plaintiff claims that his constitutional rights were violated because he was discriminated against on the basis of his sexual orientation.  The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005).  If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002).  To state an equal protection claim under this theory, a plaintiff must allege

that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

It is unclear whether sexual orientation is a "suspect class" or whether the state's differential treatment of homosexuals is subject to strict scrutiny, intermediate scrutiny, or rational basis scrutiny. At this stage in litigation, the distinction is irrelevant. Plaintiff's allegations are sufficient to state a cognizable claim under rational basis scrutiny. Plaintiff alleges that he was singled out and treated differently for no rational purpose. Plaintiff states a cognizable equal protection claim against Defendants Thomas and Gomez for pulling Plaintiff out of his housing unit in Facility M and transferring Plaintiff back to the Facility A Gym.

However, Plaintiff does not state any cognizable claims against Defendant Harrington. Plaintiff has not identified anything Harrington did or failed to do that violated Plaintiff's equal protection rights. Harrington is not liable for the constitutional violations committed by her subordinates simply because she is the warden at KVSP. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Unless Plaintiff alleges facts that demonstrate Harrington was somehow directly involved with discriminating against Plaintiff, Plaintiff fails to state a claim against Harrington.

///

**IV.     Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Thomas and Gomez for discriminating against Plaintiff on the basis of his sexual orientation in violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff two (2) summonses and two (2) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Thomas and Gomez for violating Plaintiff's equal protection rights.

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   October 12, 2010**          /s/ Sheila K. Oberto
                                UNITED STATES MAGISTRATE JUDGE