# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALLEN CLAYTON,<br><br>        Plaintiff,<br><br>    v.<br><br>K. HARRINGTON, et al.,<br><br>        Defendants. | CASE NO. 1:10-cv-00376-SKO PC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER<br><br>SHOW CAUSE RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Gregory Allen Clayton ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 13, 2010, Plaintiff was ordered to file an amended complaint or to notify the Court of his willingness to proceed only on the claims found to be cognizable in the Court's screening order. Plaintiff was given thirty (30) days to comply with the court order. Plaintiff has failed to obey the Court's order and has not otherwise taken any action to litigate this lawsuit. The order explicitly warned Plaintiff that the failure to comply with the order may result in the dismissal of this action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with the local rules. See, e.g. Ghazali v.

1  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
2  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
3  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
4  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
5  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
6  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
7  failure to prosecute and failure to comply with local rules).
8     In determining whether to dismiss an action for lack of prosecution, failure to obey a court
9  order, or failure to comply with the Local Rules, the Court must consider several factors: (1) the
10 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3)
11 the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
12 merits; and (5) the availability of less drastic alternatives.  Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d
13 at 1260-61; Malone, 833 F.2d at 130; Henderson, 779 F.2d at 1423-24; Thompson, 782 F.2d at 831.
14     In this case, the Court finds that the public's interest in expeditiously resolving this litigation
15 and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk
16 of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises
17 from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d
18 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their
19 merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a Court's warning to a
20 party that the failure to obey a Court order will result in dismissal satisfies the "consideration of less
21 drastic alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson,
22 779 F.2d at 1424.
23     Accordingly, the Court HEREBY ORDERS Plaintiff to SHOW CAUSE within thirty (30)
24 days of the date of service of this order why this action should not be dismissed for his failure to
25 obey the October 13, 2010 court order.
26 IT IS SO ORDERED.
27 **Dated:   January 10, 2011**          /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE
28