# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALLEN CLAYTON, | CASE NO. 1:10-cv-00376-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | |
| K. HARRINGTON, et al., | |
| Defendants. | |

Plaintiff Gregory Allen Clayton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to jurisdiction by U.S. Magistrate Judge. (Doc. #9.)

On October 13, 2010, the Court screened Plaintiff's complaint and found that it stated some cognizable claims. (Doc. #10.) The Court ordered Plaintiff to inform the Court whether he wished to proceed only on the claims found to be cognizable in the screening order, or whether he wished to amend his complaint to cure the deficiencies found by the Court in his non-cognizable claims. Plaintiff's response was due within thirty (30) days of the date of service of the October 13, 2010, order. Plaintiff was warned that the failure to obey the court order may result in the dismissal of this action. Plaintiff failed to respond to the court order.

On January 11, 2011, the Court ordered Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to obey the October 13, 2010. (Doc. #11.) The Court ordered Plaintiff to show cause within thirty (30) days of the January 11, 2011, order to show cause. Plaintiff failed to respond to the order to show cause.

1

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with the local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Henderson, 779 F.2d at 1423-24; Thompson, 782 F.2d at 831.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a Court's warning to a party that the failure to obey a Court order will result in dismissal satisfies the "consideration of less

///

drastic alternatives" requirement. <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 F.2d at 132-33; <u>Henderson</u>, 779 F.2d at 1424.

Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED for Plaintiff's failure to obey the Court's October 13, 2010, order.

IT IS SO ORDERED.

**Dated:   March 11, 2011**                     /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE